Filed 06/22/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05264

| Bankers Healthcare Group, LLC v. Joshua Cropp et al |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss Defendant's Counterclaims (Motion: 3)
Filer:          Anthony J. Figliola
Filed Date:     May 19, 2026

Plaintiff Bankers Healthcare Group, LLC ("Bankers") alleges Defendant Joshua Cropp breached a financing agreement for his business that he personally guaranteed. Cropp brought counterclaims with jury demand for "improper collection practices/unfair conduct" (Count I), "misrepresentation and deceptive loan structure" (Count II), "uncertainty of creditor/servicing and ownership confusion" (Count III) and "failure to provide validation and accounting" (Count IV).

Bankers has moved to dismiss all of Cropp's counterclaims. (Mot. 3.) Bankers variously asserts (1) the contract, including a Tennessee choice-of-law provision, precludes all counts, Mot. §§ I, V; (2) the consumer protection claims in Counts I and IV do not apply to this commercial financing transaction, Mot. § II; (3) Cropp has insufficiently pleaded fraud and he may not use parole evidence otherwise to establish Count II, Mot. § III; and (4) Count III fails to state a claim, Mot. § IV. Bankers has counsel. Cropp represents himself.

For the reasons that follow, the court GRANTS Bankers's motion to dismiss Cropp's counterclaims (Mot. 3).

## I.     Background

Bankers[1] and Cropp executed an Apr. 19, 2022 financing agreement for $92,945, repayable in 120 monthly installments of $1,795 with an interest rate of 19.9% and total repayment obligation of $215,472. Mot. Ex. A. Cropp executed a Statement of Intended Primary Purpose of the Loan, acknowledging that he intended to use the proceeds "for use primarily for other than personal, family, or household purposes," with "Business Development" identified as "[t]he specific business reason [he] ha[s] applied for this loan." *Id.* Cropp personally guaranteed the arrangement. *Id.*

Cropp admits he signed "the loan documents, does not dispute that he attempted to establish and operate a consulting venture known as Vegvisir Consulting during the origination period, and does not deny that some financial obligation exists." Opp. at 1. He "acknowledges

---

[1] Bankers's predecessor, Pinnacle Bank, actually executed the loan documents with Cropp. Bankers succeeded to Pinnacle's obligation under a May 9, 2022 allonge not relevant to the pending motion. Compl. Ex. B.

signing the Financing Agreement, Personal Guaranty, and Statement of Intended Primary Purpose." *Id.* at 4.

The financing agreement contains an "applicable law/jurisdiction & venue" provision that provides in part:

> The terms of the Financing Agreement and all loan documents executed herewith shall be governed by and construed in accordance with the substantive and procedural laws of the State of Tennessee, exclusive of the principles of conflict of laws. Venue for any action brought hereunder, shall be the choice of the Creditor, and shall be limited to Davidson County, Tennessee[2] or, if the action involves or is brought against the Collateral, in a state court in the county where such Collateral is located where required to enforce Creditor's rights against the Collateral, unless Creditor selects an alternative forum. . . .

Mot. Ex. A at 3 ("COL Provision"). The Financing Agreement does not define Collateral or appear to involve any. That provision continues:

> THE DEBTOR AND ALL OTHERS WHO MAY BECOME LIABLE FOR ALL OR ANY PART OF THIS OBLIGATION, JOINTLY AND SEVERALLY, WAIVE AND RENOUNCE THEIR RIGHT TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION OR PROCEEDING, INCLUDING AS TO COUNTERCLAIM BROUGHT BY OR AGAINST DEBTOR ON ANY MATTERS WHATSOEVER ARISING FROM THIS AGREEMENT, THE SECURITY AGREEMENT INCLUDED HEREIN, AND ANY OTHER DOCUMENTS AND AGREEMENT EXECUTED IN CONJUNCTION WITH THIS CREDIT TRANSACTION, IN CONTRACT, IN TORT OR OTHERWISE. THE TERMS OF THIS JURY TRIAL WAIVER AND DEBTOR'S AGREEMENT HERETO IS A MATERIAL INDUCEMENT TO CREDITOR TO ENTER INTO THIS TRANSACTION. DEBTOR FURTHER WAIVES ANY RIGHT TO REMOVE ANY STATE COURT ACTION TO FEDERAL COURT.

*Id.* ("Financing Waiver"). Cropp initialed below the COL Provision and Financing Waiver, acknowledging "I have read and understand the applicable law, jurisdiction, venue and waivers." *Id.* Cropp also signed the Financing Agreement. *Id.* at 3.

The Guaranty contains a similar provision:

> GUARANTOR HEREBY WAIVES: DEMAND, PRESENTMENT. NOTICE OF DISHONOR AND PROTECT, NOTICE OF DEFAULT BY DEBTOR, OF SALE OR OTHER DEALING WITH ANY SECURITY AND ANY OTHER NOTICE TO WHICH GUARANTOR MIGHT OTHERWISE BE ENTITLED, JURY TRIAL, THE RIGHT TO INTERPOSE ANY COUNTERCLAIM OR CONSOLIDATE ANY OTHER ACTION WITH AN ACTION ON THIS GUARANTY, AND THE BENEFIT OF ANY STATUTE OF LIMITATIONS

---

[2] No party challenges Bankers bringing this case in Chittenden County, Vermont under Vermont law. Compl. ¶ 3.

AFFECTING ITS LIABILITY HEREUNDER OR THE ENFORCEMENT HEREOF. GUARANTOR WAIVES ANY FEDERAL OR STATE EXEMPTION TO COLLECTION, STATUTORY OR OTHERWISE.

Mot. Ex. A Guaranty at 5 ("Guaranty Waiver"). Above this waiver, Cropp initialed an acknowledgment that "I have read and understand I am executing a separate and binding personal guaranty." *Id.* at 4. Below the Guaranty Waiver, Cropp signed the guaranty. *Id.* at 5.

## II.     Discussion

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court does not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted). The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002). Only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 11, 209 Vt. 514, 520.

### A.  Contract Terms

"If the terms of the contract are plain and unambiguous, they will be given effect and enforced in accordance with their language." *O'Brien Bros.' P'ship, LLP v. Plociennik*, 2007 VT 105, ¶ 9, 182 Vt. 409 (quotation omitted). Where "the parties do not dispute the meaning or the interpretation of the terms contained within it," the court will "assume the intent of the parties is embedded within the terms." *Falcao v. Richardson*, 2024 VT 78, ¶ 13, 220 Vt. 310 (citations omitted). "Although some evidence regarding the circumstances surrounding the making of a contract may be considered by the court to determine whether the provisions are ambiguous, those circumstances may not be used to vary the terms of an unambiguous writing." *O'Brien Bros.' P'shp, LLP*, 2007 VT 105 at ¶ 9 (citation and quotations omitted).

The court finds unambiguous the COL Provision, Financing Waiver and Guaranty Waiver. Cropp concedes he signed these documents. Opp. at 1, 4. He does not assert any ambiguity. The court reads none. The court assumes these provisions reflect the parties' intent. *Falcao*, 2024 VT at ¶ 13. They selected Tennessee law and venue in Davidson County, TN. Cropp clearly and unambiguously waived his rights to bring counterclaims and to jury trials.

The court also finds Cropp's waivers valid. "A party may waive virtually any right, constitutional or statutory, as long as the waiver is knowing, intelligent, and voluntary." *West v. N. Branch Fire Dist. #1*, 2021 VT 44, ¶ 52, 215 Vt. 93, 115 (quotation omitted). Cropp agreed to the terms of the financing documents when he signed them. *Falcao*, 2024 VT 78, ¶¶ 14-15 ("By signing the promissory note defendant agreed to the terms contained within . . . regardless of whether he read it or was unaware of its contents.").

3

Cropp's opposition and answer show he has sufficient business and educational background to understand the Financing Waiver and Guaranty Waiver, both of which appeared in all capital letters near his initialed acknowledgment and signatures. *See Falcao*, VT 78, ¶¶ 16-17 ("We consider a party's relative business experience and education, the party's opportunity to understand the terms of the contract, and whether the terms were hidden in fine print when determining if a party was unfairly surprised by a contract term.") (quotation omitted).

Cropp has not suggested any involuntariness otherwise. *Id.* ¶ 19 ("[A]ny unequal bargaining power or power differential between plaintiff and defendant is not enough to nullify the promissory note" where "[t]here was no evidence defendant was compelled to sign the promissory note, or lacked any meaningful choice, other than by his own desire . . . .").

Cropp waived his right to bring counterclaims in this case.

### B. Additional Implications

Bankers raised the contract provisions as one basis to dismiss Cropp's counterclaims. Neither party has addressed the impact of the COL Provision on this case brought under Vermont law in Chittenden County. Because the court finds that provision unambiguous and the parties signed the documents, the court assumes the documents reflect the parties' intent. *Falcao*, 2024 VT at ¶ 13. They selected Tennessee law and venue in Davidson County, TN.

Despite the COL Provision, Bankers brought this case under Vermont law in Chittenden County, Compl. ¶ 3. Because of the COL Provision, Bankers sought to dismiss Cropp's Vermont counterclaims, Mot. § V.

### III.    Order

For the reasons set forth above:

1. The court GRANTS Bankers's motion to dismiss Cropp's counterclaims (Mot. 3).

2. By July 22, 2026, the parties shall file written submissions outlining why the court should not dismiss this case under the COL Provision. They may request more time to do so by the same date.

Electronically signed pursuant to V.R.E.F. 9(d) on June 22, 2026.

Colin Owyang
Superior Court Judge

4